UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X          Civil Action No.:

ISABEL BERNEY,

                                    Plaintiff,                    **COMPLAINT**

v.

ROBERT HOCHBERG,

                                    Defendant.

-----------------------------------------------------------X

Plaintiff Isabel Berney ("Plaintiff"), by and through her undersigned counsel, alleges as follows against

Defendant Robert Hochberg ("Defendant"):

## NATURE OF THE ACTION

1.  This action arises from Defendant's long-running scheme to exploit, groom, coerce, and abuse

    Plaintiff for sexual purposes by leveraging false promises of professional mentorship, access,

    protection, and career opportunity—constituting sex trafficking and attempted sex trafficking in

    violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§

    1591, 1594, and 1595.

2.  Defendant repeatedly recruited, enticed, transported, harbored, and maintained Plaintiff for

    sexual acts by offering, conditioning, and threatening to withhold **things of value**, including but

    not limited to purported mentorship, access to elite professional networks, career advancement,

    professional legitimacy, protection from professional harm or retaliation, and continued access

    to powerful individuals and opportunities in New York City.

3.  Under 18 U.S.C. § 1591, a "commercial sex act" means any sex act on account of which

    anything of value is given to or received by any person, whether monetary or non-monetary and

regardless of whether the perpetrator personally profits. Defendant's conduct falls squarely within this definition.

4. Defendant's scheme did not rely on cash payments or conventional commercial transactions. Instead, Defendant exploited intangible but highly valuable benefits—career access, professional credibility, insider opportunity, and protection—which he controlled and used as currency to obtain sexual access and compliance.

5. Defendant's conduct also constitutes gender-motivated violence under New York City law and multiple common-law torts, entitling Plaintiff to compensatory and punitive damages and all other available relief.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law, including 18 U.S.C. §§ 1591, 1594, and 1595.

7. Defendant's trafficking and attempted trafficking conduct was **in and affecting interstate commerce**, including by inducing and causing Plaintiff to travel to and within New York State, utilizing interstate electronic communications, and operating within commercial establishments engaged in interstate commerce.

8. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions giving rise to Plaintiff's claims—including trafficking conduct, attempted trafficking, and sexual assaults—occurred in Manhattan.

## THE PARTIES

10. Plaintiff Isabel Berney is an individual residing in Florida.

11. Defendant Robert Hochberg is an individual who at all relevant times resided in, traveled to, conducted business in, and availed himself of the Southern District of New York.

## FACTUAL BACKGROUND

Long-Term Grooming, Abuse of Trust, and Creation of Dependency

12. Defendant dated Plaintiff's mother during their college years and, after that relationship ended, remained closely embedded in Plaintiff's family for decades.

13. Throughout Plaintiff's youth and early adulthood, Defendant cultivated an "uncle-like" role marked by trust, authority, familiarity, and implicit control.

14. As Plaintiff entered adulthood and began her professional career, Defendant deliberately reframed this familial access into a purported mentorship relationship.

15. Defendant repeatedly emphasized his wealth, status, and elite professional and social connections in New York City, conveying that he alone could open doors, create opportunity, and protect Plaintiff's career.

16. Defendant explicitly and implicitly suggested that Plaintiff's professional advancement, access, and protection from harm were conditioned on maintaining private access and closeness to him.

17. This conduct was intentional and strategic, designed to isolate Plaintiff, create dependency, and position Defendant as the gatekeeper to highly valuable professional benefits.

Commercial Sex Acts and Attempted Commercial Sex Acts

18. Defendant repeatedly recruited and enticed Plaintiff to meet him alone in New York City under the pretense of professional, business, or mentorship opportunities.

19. In doing so, Defendant offered, bestowed, conditioned, and threatened to withhold **things of value**, including mentorship, professional access, introductions, networking opportunities, legitimacy, and protection from retaliation.

20. Defendant demanded sexual access and physical intimacy **on account of** these benefits, establishing a direct causal relationship between the sexual acts he sought and the things of value he controlled.

21. Defendant's conduct therefore constituted completed and attempted **commercial sex acts** within the meaning of 18 U.S.C. § 1591, regardless of whether cash payment was involved and regardless of whether Defendant personally profited.

2014 Assault – Harmonie Club (Completed Commercial Sex Act)

22. In or around early June 2014, Defendant induced Plaintiff to meet him in a private conference room at the Harmonie Club in Manhattan, a commercial establishment engaged in interstate commerce.Defendant did so after positioning himself as Plaintiff's mentor and professional benefactor and implicitly conditioning continued opportunity and access on compliance with his wishes.

23. Once isolated, Defendant forcibly kissed Plaintiff and groped her without consent, committing a sex act as broadly understood under 18 U.S.C. § 1591.

24. This assault occurred **on account of** Defendant's provision and control of valuable professional benefits and access, rendering it a completed commercial sex act under federal lawsuit.

2019 Assault – Hillstone Restaurant (Completed Commercial Sex Act)

25. In or around June 2019, Defendant again recruited and induced Plaintiff to meet him in Manhattan, continuing the same mentorship-based coercive dynamic.

26. While seated in a confined restaurant booth at Hillstone, a commercial establishment engaged in interstate commerce, Defendant pressed his body against Plaintiff, forced his tongue into her mouth, and groped her breasts.

27. Plaintiff resisted and did not consent.

28. This assault occurred within the same trafficking framework and on account of Defendant's asserted ability to grant or withhold professional access, legitimacy, and protection.

## Ongoing Attempted Trafficking and Pattern-and-Practice

29. Over many years, Defendant engaged in a persistent pattern of conduct aimed at causing Plaintiff to engage in additional commercial sex acts.

30. Defendant sent repeated sexually explicit, coercive, and manipulative communications asserting entitlement, demanding physical intimacy, and urging Plaintiff to abandon her marriage.

31. These communications served as tools of attempted trafficking—reinforcing dependency, normalizing exploitation, and signaling that professional benefits were contingent on sexual compliance.

32. Plaintiff's limited continued communication with Defendant was a survival strategy driven by fear of retaliation, professional harm, and family fallout—not consent.

## GMVA Predicate Acts and Specific Incidents

33. The gender-motivated violence alleged herein includes, and is exemplified by, the following specific predicate acts, each of which independently and collectively constitutes violence within the meaning of the GMVA.

34. **2014 Assault at the Harmonie Club.** Defendant induced Plaintiff to meet him alone in a private conference room under the guise of mentorship and professional guidance. Once

isolated, Defendant forcibly kissed and groped Plaintiff without her consent to assert dominance and entitlement over Plaintiff as a woman.

35. **2019 Assault at the Hillstone Restaurant.** Defendant again exploited the same power-laden mentorship dynamic to obtain private access to Plaintiff. While seated in a confined restaurant booth, Defendant forcefully pressed his body against Plaintiff, inserted his tongue into her mouth, and groped her breasts despite Plaintiff's resistance. These acts were motivated, at least in part, by Plaintiff's gender and Defendant's perceived entitlement.

36. **Continuing Course of Gender-Based Coercion.** Between and after these assaults, Defendant engaged in an ongoing course of sexually explicit, intimidating, and coercive communications asserting control and demanding intimacy, reinforcing fear and psychological domination.

37. Plaintiff is entitled to all relief available under the GMVA, including compensatory damages, punitive damages, attorneys' fees, and costs.

## CAUSES OF ACTION

### COUNT I
### Sex Trafficking – TVPRA (18 U.S.C. §§ 1591 & 1595)

38. Plaintiff repeats and realleges paragraphs 1–37 as if fully set forth herein.

39. Defendant knowingly recruited, enticed, transported, harbored, and maintained Plaintiff in and affecting interstate commerce.

40. Defendant knew and recklessly disregarded that fraud, abuse of power, and coercion would be used to cause Plaintiff to engage in commercial sex acts.

41. Plaintiff suffered harm as a direct and proximate result of Defendant's violations and is entitled to civil relief under 18 U.S.C. § 1595.

**COUNT II**
Attempted Sex Trafficking – TVPRA (18 U.S.C. §§ 1591, 1594 & 1595)

42. Plaintiff repeats and realleges paragraphs 1–41 as if fully set forth herein.

43. Defendant took substantial steps toward causing Plaintiff to engage in additional commercial sex acts, including recruitment, grooming, inducement, solicitation, and exploitation of his control over valuable professional benefits.

44. Defendant acted with the requisite intent, and his conduct was strongly corroborative of a sex-trafficking scheme.

45. Plaintiff was harmed by Defendant's attempted violations and is entitled to civil relief under 18 U.S.C. § 1595.

**COUNT III**
Gender-Motivated Violence (New York City Administrative Code § 10-1101 et seq.)

46. Plaintiff repeats and realleges paragraphs 1–45 as if fully set forth herein.

47. Defendant committed acts of violence motivated by gender.

**COUNT IV**
Sexual Assault and Battery (New York Common Law)

48. Plaintiff repeats and realleges paragraphs 1–47 as if fully set forth herein.

49. On no fewer than two occasions, in 2014 and 2019, Defendant intentionally subjected Plaintiff to harmful and offensive contact without consent.

**COUNT V**
Intentional Infliction of Emotional Distress

50. Plaintiff repeats and realleges paragraphs 1–49 as if fully set forth herein.

51. Defendant's conduct was extreme, outrageous, and caused Plaintiff severe emotional distress.

## DAMAGES

52. Plaintiff has suffered severe emotional distress, psychological trauma, loss of bodily autonomy, and other economic and non-economic damages.

53. Defendant's conduct warrants compensatory damages, punitive damages, statutory damages, and attorneys' fees and costs pursuant to 18 U.S.C. § 1595 and the GMVA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

  i. Compensatory damages;
  ii. Punitive damages;
  iii. Statutory damages under federal law;
  iv. Attorneys' fees and costs; and,
  v. Such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
  July 7, 2026       INCENDII LAW PLLC

        By: _____
         Aurore C. DeCarlo
         195 Plymouth Street, Suite 4/3
         Brooklyn, New York 11201
         Tel. (646) 722-8655